JS-6

Lawrence Brewster
Regional Solicitor
**Daniel J. Chasek**, (CSBN #186968)
Acting Associate Regional Solicitor
Office of the Solicitor (Sol #0918455)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
　　Telephone: (213) 894-4225
　　Facsimile:  (213) 894-2064
chasek.daniel@dol.gov

Uchenna Evans, Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N2700
Washington, DC 20210
　　Telephone: (202) 693-5799
　　Facsimile:  (202) 693-5774
Evans.Uchenna@dol.gov

Attorneys for the Plaintiff

FILED
CLERK. U.S. DISTRICT COURT
FEB 27 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Secretary of Labor,**<br>　United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>**Bristol Warner Plaza, LLC, doing business as Bristol Car Wash,** a California Corporation<br><br>　　　　　Defendant. | Case No. SACV09-0215 JVS (MLGx)<br><br><br>**CONSENT JUDGMENT** |

---

**Consent Judgment** (Sol #0918455)　　　　　　　　　　　　　　　　　　　Page 1 of 11

Plaintiff, the Secretary of Labor, United States Department of Labor ("Secretary") and defendant Bristol Warner Plaza, LLC, doing business as Bristol Car Wash, a California corporation, have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A. The Secretary has filed a Complaint alleging that Defendant violated provisions of Sections 15(a)(2), 15(a)(4), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2), 215(a)(4) and 215(a)(5).

B. Defendant acknowledges receipt of a copy of the Secretary's Complaint.

C. Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint.

D. The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with it be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2), 15(a)(4), and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2), 215(a)(4) and 215(a)(5), in any of the following manners:

1. Defendant shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), wages at a rate less than $6.55 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

2. Defendant shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendant shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Pursuant to section 17 of the Act, 29 U.S.C. § 217, Defendant is enjoined from withholding back wages in the amount of $50,000.00 owed to the employees listed in Exhibit 1 as a result of Defendant's failure to pay wages in accordance with sections 6 and 7 of the Act, 29 U.S.C. §§ 206 and 207.

5. Defendant shall make payment of $50,000.00 in settlement of minimum wage and overtime pay violations to the employees listed in Exhibit 1, as a result of their employment by Defendant during the period of April 21, 2006 through April, 20 2008, as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee.

6. Defendant shall make an initial payment of $10,000.00 towards the backwages by or before March 2, 2009.

7. Defendant shall pay the backwages, plus 3% annual interest on the outstanding balance starting from April 2, 2009 until the backwages required under this Judgment are paid in full, as set forth in paragraph 8 below (and as set forth in the attached Exhibit

2). Each payment shall be made by a certified or cashier's check or money order with the firm name and "BWs + Interest" written on each, payable to the order of the "Wage & Hour Div., Labor," and delivered to the U.S. Department of Labor, Wage and Hour Division, 770 The City Drive South, Suite 5710, Orange, CA 92868-4954, on or before the date the payment is due.

    8. Defendant shall deliver to the Wage and Hour Division, United States Department of Labor, 770 The City Drive South, Suite 5710, Orange, CA 92868-4954, the following:

    a. On or before April 2, 2009, a schedule in duplicate bearing the firm name, employer identification number(s), address, and phone number of the Defendant and showing the name, last known (home) address, social security number, and gross backwage amount for each person listed in the attached Exhibit 1;

    b. On or before April 2, 2009, and again on or before the 2nd day of each of the 7 months thereafter, a certified or cashier's check or money order with the firm name and "BWs + Interest" written on each, payable to the order of the "Wage & Hour Div., Labor," in the amounts reflected on Exhibit 2;

    c. In the event of a default in the timely making of any of the payments specified herein, the full amount under the backwage provisions of this Judgment which then remains unpaid, plus interest at the rate of ten percent (10%) per year, from the date of this Judgment until the full amount of this Judgment is paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendant then known to the Secretary;

    d. There will be no pre-payment penalty in the event the Defendant pays the full amounts due under the monetary provisions of this Judgment prior to the dates set forth above.

    9. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions for employees' share of social security and withholding taxes to

the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: __2.27__, _09_ .

_____
U.S. DISTRICT COURT JUDGE

For the Defendants:

Each defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

For: Bristol Warner Plaza, LLC, DBA Bristol Car Wash

By: _____   2/20/09
    Authorized Agent              Date

Its: _Operating Manager_

Approved as to Form Only:

_____   _____
Nazy Danesh, Esq.                 Date
Law Offices of Danesh & Dadmeher, LLP

Attorney for the Defendant

For the plaintiff:

CAROL DE DEO
Deputy Solicitor for National Operations

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Acting Associate Regional Solicitor

_____   2/23/09
UCHENNA EVANS              Date
Attorney
Attorneys for the Plaintiff

Consent Judgment (Sol #0918455)                Page 6 of 11

For the Defendants:

Each defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

For: Bristol Warner Plaza, LLC, DBA Bristol Car Wash

By: _____     _____
    Authorized Agent                                Date

Its:_____

Approved as to Form Only:

_____     2/20/09
Nazy Danesh, Esq.                                Date
Law Offices of Danesh & Dadmeher, LLP

Attorney for the Defendant

For the plaintiff:

CAROL DE DEO
Deputy Solicitor for National Operations

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Acting Associate Regional Solicitor

_____     _____
UCHENNA EVANS                                    Date
Attorney
Attorneys for the Plaintiff

## Exhibit 1

| | Name | Period Covered Hereby | Amount |
|---|---|---|---|
| 3 | AGUILAR, EZIQUIEL | 04/23/06 - 04/20/08 | 824.74 |
| 4 | ALVAREZ-FERN, HECTOR | 04/23/06 - 04/20/08 | 36.02 |
| 5 | BETANZO, ROBERTO | 04/23/06 - 04/20/08 | 80.06 |
| 6 | CAMACHO, JOSE | 04/23/06 - 04/20/08 | 80.07 |
| 7 | CAMPOS, ANGEL | 04/23/06 - 04/20/08 | 900.01 |
| 8 | CASTELLANOS, MARIO | 04/23/06 - 04/20/08 | 3,641.97 |
| 9 | CATALAN, ENRIQUE | 04/23/06 - 04/20/08 | 36.02 |
| 10 | CHAN, ANDRES | 04/23/06 - 04/20/08 | 36.02 |
| 11 | CRUZ, MODESTO | 04/23/06 - 04/20/08 | 80.06 |
| 12 | DEJESUS, HERIBERTO | 04/23/06 - 04/20/08 | 40.02 |
| 13 | DIAZ, PEDRO | 04/23/06 - 04/20/08 | 120.10 |
| 14 | ENRIQUE, CARLOS | 04/23/06 - 04/20/08 | 160.14 |
| 15 | ESPINZA, CLEMENTE | 04/23/06 - 04/20/08 | 160.14 |
| 16 | FARJARDO, ISRAEL | 04/23/06 - 04/20/08 | 256.23 |
| 17 | FLORES, JAVIER | 04/23/06 - 04/20/08 | 80.06 |
| 18 | FLORES, LUCIANO | 04/23/06 - 04/20/08 | 85.41 |
| 19 | GARCIA, HUGO ALBERTO | 04/23/06 - 04/20/08 | 540.48 |
| 20 | GARCIA-SANCHEZ, DAVID | 04/23/06 - 04/20/08 | 144.13 |
| 21 | GIRON, WILLIAM | 04/23/06 - 04/20/08 | 72.06 |
| 22 | GUARDO, MANUEL | 04/23/06 - 04/20/08 | 360.32 |
| 23 | GUTIERREZ, JESUS | 04/23/06 - 04/20/08 | 886.13 |
| 24 | HERNANDEZ, ALEJANDRO | 04/23/06 - 04/20/08 | 72.06 |
| 25 | HERNANDEZ, ARTURO | 04/23/06 - 04/20/08 | 452.40 |
| 26 | HERNANDEZ, FRANCISCO | 04/23/06 - 04/20/08 | 42.70 |
| 27 | HERNANDEZ, ROGEL | 04/23/06 - 04/20/08 | 1,465.33 |

## Exhibit 1

| # | Name | Period Covered Hereby | Amount |
|---|---|---|---|
| 4 | HORTEGA, JUAN | 04/23/06 - 04/20/08 | 1,713.56 |
| 5 | JAIMES, EDUARDO | 04/23/06 - 04/20/08 | 80.07 |
| 6 | LOPEZ, EOTIQUIO | 04/23/06 - 04/20/08 | 756.68 |
| 7 | MALDONADO, RAFAEL | 04/23/06 - 04/20/08 | 160.13 |
| 8 | MALDONADO, ROQUE | 04/23/06 - 04/20/08 | 240.21 |
| 9 | MALDONADO, SANTIAGO | 04/23/06 - 04/20/08 | 2,770.52 |
| 10 | MAQUEDA, JOSE | 04/23/06 - 04/20/08 | 108.09 |
| 11 | MARTINEZ, ARMANDO | 04/23/06 - 04/20/08 | 120.10 |
| 12 | MARTINEZ, ARTURO C. | 04/23/06 - 04/20/08 | 240.21 |
| 13 | MARTINEZ, DIEGO | 04/23/06 - 04/20/08 | 828.75 |
| 14 | MARTINEZ, FRANCISCO | 04/23/06 - 04/20/08 | 42.70 |
| 15 | MARTINEZ, FREDY | 04/23/06 - 04/20/08 | 421.71 |
| 16 | MARTINEZ, JOSE P. | 04/23/06 - 04/20/08 | 504.45 |
| 17 | MARTINEZ, LUIS MANUEL | 04/23/06 - 04/20/08 | 2,290.08 |
| 18 | MENDOZA, GIOVANI | 04/23/06 - 04/20/08 | 72.06 |
| 19 | MONTANO, MANUEL | 04/23/06 - 04/20/08 | 440.40 |
| 20 | NAVA, JUAN | 04/23/06 - 04/20/08 | 36.02 |
| 21 | NEGRETE, JULIO CESAR | 04/23/06 - 04/20/08 | 268.24 |
| 22 | NEIVES, AARON | 04/23/06 - 04/20/08 | 864.78 |
| 23 | OCHOA, FELIZ | 04/23/06 - 04/20/08 | 72.06 |
| 24 | ORANTES, VALDEMIR | 04/23/06 - 04/20/08 | 40.03 |
| 25 | OROZCO, ROBERTO | 04/23/06 - 04/20/08 | 1,199.75 |
| 26 | OROZCO, VITALI | 04/23/06 - 04/20/08 | 1,705.55 |
| 27 | ORTEGA, BERNARDINO | 04/23/06 - 04/20/08 | 72.06 |
| 28 | PACHECO, FERNANDO | 04/23/06 - 04/20/08 | 468.42 |

## Exhibit 1

| Name | Period Covered Hereby | Amount |
|---|---|---|
| PASTOR, BENJAMIN | 04/23/06 - 04/20/08 | 859.44 |
| PASTOR, PABLO | 04/23/06 - 04/20/08 | 188.16 |
| PRIEGO, RAFAEL | 04/23/06 - 04/20/08 | 3,074.79 |
| QUINTERO, LUIS | 04/23/06 - 04/20/08 | 2,432.88 |
| RAMIREZ, PEDRO | 04/23/06 - 04/20/08 | 1,014.25 |
| REYES, DANIEL | 04/23/06 - 04/20/08 | 216.19 |
| REYES, SEGUISMUNDO | 04/23/06 - 04/20/08 | 703.30 |
| RIOS, FILBERTO | 04/23/06 - 04/20/08 | 320.28 |
| RODRIGUEZ, ALFREDO | 04/23/06 - 04/20/08 | 80.06 |
| RODRIGUEZ, DAVID | 04/23/06 - 04/20/08 | 2,839.02 |
| SALAZAR, JOSE | 04/23/06 - 04/20/08 | 499.11 |
| SALDIVAR, RAYMUNDO | 04/23/06 - 04/20/08 | 3,360.38 |
| SANCHEZ, DAVID | 04/23/06 - 04/20/08 | 360.32 |
| SANCHEZ, ISMAEL PALMA | 04/23/06 - 04/20/08 | 1,000.90 |
| SANCHEZ, JULIO | 04/23/06 - 04/20/08 | 480.43 |
| SANCHEZ, PABLO A. | 04/23/06 - 04/20/08 | 120.10 |
| SANCHEZ, ROSENDO | 04/23/06 - 04/20/08 | 36.02 |
| SANDOVAL, RAFAEL | 04/23/06 - 04/20/08 | 2,238.03 |
| SUAREZ, ALEJANDRO | 04/23/06 - 04/20/08 | 128.11 |
| TAVIKO, MARCELO | 04/23/06 - 04/20/08 | 200.17 |
| VALADEZ, ENRIQUE | 04/23/06 - 04/20/08 | 504.45 |
| VALDEZ, ENRIQUE | 04/23/06 - 04/20/08 | 1,788.28 |
| VASQUEZ, GILBERTO | 04/23/06 - 04/20/08 | 248.21 |
| VASQUEZ, JOSE | 04/23/06 - 04/20/08 | 42.70 |
| VEGA, ELISEO | 04/23/06 - 04/20/08 | 42.70 |

Exhibit 1

| Name | Period Covered Hereby | Amount |
|---|---|---|
| VILLALOBOS, ERIK | 04/23/06 - 04/20/08 | 891.47 |
| ZARATE, ANGEL | 04/23/06 - 04/20/08 | 160.14 |

## Exhibit 2

Initial Payment: $10,000.00 due March 2, 2009

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 04/02/2009 | $4,956.41 | $100.00 | $5,056.41 |
| 2 | 05/02/2009 | $4,968.80 | $87.61 | $5,056.41 |
| 3 | 06/02/2009 | $4,981.22 | $75.19 | $5,056.41 |
| 4 | 07/02/2009 | $4,993.68 | $62.73 | $5,056.41 |
| 5 | 08/02/2009 | $5,006.16 | $50.25 | $5,056.41 |
| 6 | 09/02/2009 | $5,018.68 | $37.73 | $5,056.41 |
| 7 | 10/02/2009 | $5,031.22 | $25.19 | $5,056.41 |
| 8 | 11/02/2009 | $5,043.83 | $12.61 | $5,056.44 |
| Totals: |  | $40,000.00 | $451.31 | $40,451.31 |